**UNITED STATES OF AMERICA, Plaintiff**

**v.**

**GEORGE ROHLSEN, a/k/a "BOO", DARREL RIVIERE, a/k/a "SKALION", KITSON BROOMFIELD JARVIS, a/k/a "HABIB", STEVE HART, DARWIN R. CORNWALL, a/k/a "DOCTOR", PAUL PAYNE, a/k/a "JAMAL", GEORGE BROOKS, a/k/a "JAMBU", EDWIN VELASQUEZ, a/k/a "MILLER", and KEVIN CHRISTIAN, Defendants**

Crim. No. 1996-77

District Court of the Virgin Islands

Div. of St. Croix

May 12, 1997

117

CHARLES JENKINS, ESQ., and AZEKAH JENNINGS, ESQ., (Assistant U.S. Attorneys), *for Plaintiff*

GEORGE W. CANNON, JR., ESQ., *for Defendant Rohlsen*

MICHAEL A. JOSEPH, ESQ., *for Defendant Riviere*

ELLEN G. DONOVAN, ESQ., *for Defendant Jarvis*

ALBERT J. MEADE, ESQ., *for Defendant Hart*

MARTIAL A. WEBSTER, ESQ., *for Defendant Cornwall*

SCOTT A. BURTON, ESQ., *for Defendant Payne*

EDWARD H. JACOBS, ESQ., *for Defendant Brooks*

WILFREDO A. GEIGEL, ESQ., *for Defendant Velasquez*

RICHARD HUNTER, ESQ., *for Defendant Christian*

MOORE, *Chief Judge*

## MEMORANDUM

Defendants Steve Hart ["Hart"] and Edwin Velasquez ["Velasquez"] have filed motions to sever asking for separate trials. They claim that a joint trial on this indictment would prejudice them due to mutually antagonistic defenses and also the possibility of a "spillover effect" of evidence brought out against other defendants.

### I. Facts

Defendants George Rohlsen ["Rohlsen"] and Darrel Riviere ["Riviere"] were arrested on October 17, 1996, and subsequently charged with various violations of federal drug trafficking laws. They were transferred to the Metropolitan Detention Center located at Guaynabo, Puerto Rico [hereinafter "MDC"] where they were detained pending trial. Defendant Velasquez was also detained at MDC at the time Rohlsen and Riviere were transported to the facility.

The government alleges that while detained at MDC, Rohlsen, Riviere and Velasquez made certain incriminating statements in certain telephone calls using the telephone system provided for use by the inmate population to communicate with persons outside the institution. Based at least in part on the content of these tape recordings, the government filed a superseding indictment on January 16, 1997, which added charges to the indictment and additional defendants. A second superseding indictment was filed on March 11, 1997 adding still more counts and defendants.

The Court held a hearing on May 1-2, 1997, in which numerous motions were addressed. After addressing claims of multiplicity, the Court directed the government to choose between prosecuting the defendants on Count II, an overarching conspiracy to possess with the intent to distribute included three separate incidents, or on Count III, VI and IX, three charges of conspiracy to possess with intent to distribute, each based on one of those incidents. The government chose to prosecute the defendants on Count II, and the

Court dismissed Counts III, VI and IX. The remaining Counts of the indictment are as follows:

Count I- "drug kingpin" charge against Darrell Riviere;

Count II- conspiracy to possess with intent to distribute against Riviere, George Rohlsen ["Rohlsen"], George Brooks ["Brooks"], Kitson Broomfield Jarvis ["Jarvis"], Darwin R. Cornwall ["Cornwall"] and Paul Payne ["Payne"];

Count IV- possession with intent to distribute against Riviere, Brooks and Jarvis;

Count V- use of a minor to commit the offense in Count IV against Riviere, Brooks and Jarvis;

Count VII- possession with intent to distribute against Rohlsen and Riviere;

Count VIII- use of a minor to commit the offense in Count VII against Riviere;

Count X- conspiracy to obstruct justice against Riviere, Rohlsen, Jarvis, Hart, Cornwall, Payne, Velasquez and Kevin Christian ["Christian"].

At the May 2 hearing, the Court denied motions for severance filed by Rohlsen, Brooks, Jarvis, and Cornwall, which were largely based on theories of mutually antagonistic defenses. The Court reserved ruling on motions to sever filed by Hart and joined by Velasquez. These defendants are charged only in Count X with conspiracy to obstruct justice, and are not charged in any of the other counts regarding drug trafficking. It is these motions which are currently before the Court.

## II. Joinder of Defendants

■ FEDERAL RULE OF CRIMINAL PROCEDURE 8(b) permits joinder of defendants as follows:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

If joinder is not authorized by Rule 8(b), defendants may not be tried together. See 1 C. Wright, Federal Practice and Procedure § 144 (2d ed. 1982). *See also, United States v. Eufrasio*, 935 F.2d 553, 567 (3d Cir. 1991).

■ In determining whether a joinder of multiple defendants under Rule 8(b) is proper, the Court must focus on the indictment, not on the proof to be adduced at trial. *United States v. Somers*, 496 F.2d 723, 729 (3d Cir.), *cert. denied*, 419 U.S. 832 (1974). As long as the crimes charged are allegedly a single series of acts or transactions, separate trials are not required. *Id.; See also Eufrasio*, 935 F.2d at 567.

Defendants Hart and Velasquez seek to have their trials severed from that of the other defendants, or in the alternative, to have Count X severed from the other counts. Their theory for this motion is that Count X is not sufficiently related to the other Counts. Moreover, since, unlike the other defendants, they are only charged in Count X, they should not be tried in a joint trial with all defendants on all charges. At the hearing on May 1-2, the Court denied the other defendants' motions for severance, including a motion to sever Count X. The reason for this ruling was that in regard to the defendants charged in Count II and Count X, the Counts are clearly linked and therefore a joint trial is proper. Defendants Hart and Velasquez, however, are not charged in Count II. Therefore, the actions of the other defendants in drug trafficking may not be sufficiently related to Velasquez' and Hart's actions in regard to Count X to warrant joinder. It is for this reason that the Court has treated the motions of Hart and Velasquez separately.

The first question which the Court must answer is whether Count X, conspiracy to obstruct justice, is part of the same act or series of acts as Count II, conspiracy to possess cocaine with the intent to distribute. If it is not, then defendants Hart and Velasquez should not be tried together with the other defendants in a single joint trial, since their conduct is not related to the drug trafficking charges. Defendants argue that Count II ended at the time of the arrest of Rohlsen and Riviere on October 17, 1996, while Count X began on that date. According to defendants, the two counts

121

cannot be part of the same series of acts since one did not begin until the other ended.

Defendants misinterpret the law regarding severance. In deciding motions for severance, the Court must focus on the indictment, not on the parties' claims of what the evidence will show at trial. *See Somers*, 496 F.2d at 729, *supra*. According to the indictment, the activity charged in Count II began on or about January 1, 1996 and continued up to and including March 11, 1997, the date of the indictment. Count X began on or about October 17, 1996 and continued up to and including March 11, 1997. Therefore, according to the indictment, there was considerable overlap between the two conspiracies, in terms of the time frame, the actors and their actions.

■ The activity underlying the two Counts is also inextricably intertwined in purpose. According to the indictment, the conspiracy alleged in Count X was a direct result of and conducted to protect the drug activity alleged in Count II. A trial on Count X would necessarily require introduction of much of the same evidence needed for a trial on Count II. Therefore Count II and Count X must be considered part of the same series of acts.

■ RULE 14 permits severance of proper RULE 8(b) joinder:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

The RULE places the burden of showing prejudice from the joinder on the defendant seeking severance. *United States v. De Peri*, 778 F.2d 963, 983 (3d Cir.1985), *cert. denied*, 475 U.S. 1110 (1986). A trial court must balance the public interest in joint trials against the possibility of prejudice inherent in the joinder of defendants. *De Peri*, 778 F.2d at 984.

■ Ordinarily, defendants jointly indicted should be tried together to conserve judicial resources. *Sandini*, 888 F.2d at 306. The public interest in judicial economy favors joint trials where the

same evidence would be presented at separate trials of defendants charged with a single conspiracy. *De Peri*, 778 F.2d at 984. *See also Eufrasio*, 935 F.2d at 568. As stated above, much of the evidence used in a trial on Count II would also be necessary in a trial on Count X.

For these reasons, defendants seeking severance face an uphill battle. As the Supreme Court has recently noted, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Such joint trials promote efficiency in the courts and serve the interests of justice by preventing "the scandal and inequity of inconsistent verdicts." *Id.* at 537, (*quoting Richardson v. Marsh*, 481 U.S. 200, 209 (1987)). In addition, joint trials of defendants charged under a conspiracy aid the finder of fact in determining the "full extent of the conspiracy," *United States v. Provenzano*, 688 F.2d 194, 199 (3d Cir.), *cert. denied*, 459 U.S. 1071 (1982), and prevent "the tactical disadvantage to the government from disclosure of its case." *United States v. Jackson*, 649 F.2d 967, 973 (3d Cir.), *cert. denied*, 454 U.S. 1034 (1981). In this conspiracy case, it would likely prove difficult to adequately resolve Count X without first gaining a full understanding of Count II. Since the defendants allegedly conspired in Count X to protect those defendants and the activity involved in Count II, a jury would be required to understand Count II in order to be able to adjudicate Count X. Moreover, defendants Hart and Velasquez seek to be severed from the rest of the defendants, even though they allegedly acted in concert with those defendants. It would be difficult to determine the nature and extent of the conspiracy while only addressing the role of two alleged coconspirators. *See Provenzano, supra.*

As a result, when defendants have been properly joined pursuant to RULE 8(b) of the FEDERAL RULES OF CRIMINAL PROCEDURE, "a district court should grant a severance under RULE 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. See FED.R.CRIM.P. 14.

In this case, defendant Hart reminds that a court may find compelling prejudice sufficient to grant a RULE 14 motion for

severance when (1) defendants have antagonistic or mutually exclusive defenses, (2) a co-defendant's refusal to give exculpatory testimony in a joint trial due to the potential for self-incrimination or (3) the introduction of a co-defendant's extrajudicial confession that incriminates the moving defendant even when introduced only against the confessing co-defendants. *See United States v. Bagu Basic*, 808 F.2d 1260 (7th Cir. 1986), *cert denied*, 484 U.S. 815 (1987); *United States v. Rocha*, 916 F.2d 219 (5th Cir. 1990), *cert. denied*, 500 U.S. 934 (1991). Defendant Hart admits that there is no evidence to suggest that either (2) or (3) is applicable to this case, and therefore presents this motion based on the theory that the defendants will present mutually antagonistic defenses.

### III. Mutually Antagonistic Defenses

Although precise articulations may differ, courts agree that "[m]utually exclusive defenses . . . exist when acquittal of one codefendant would necessarily call for the conviction of the other." *United States v. Tootick*, 952 F.2d 1078, 1081 (9th Cir. 1991). This type of situation arises "when one person's claim of innocence is predicated solely on the guilt of a co-defendant." *United States v. Harris*, 9 F.3d 493, 501 (6th Cir. 1993). In determining whether mutually antagonistic defenses exist such that severance may be required, the court must ascertain whether "the jury could reasonably construct a sequence of events that accommodates the essence of all [defendants'] defenses." *United States v. Perez-Garcia*, 904 F.2d 1534, 1548 (11th Cir. 1990).

While mutually antagonistic defenses have been much discussed in theory, only rarely have courts found that they exist in practice. See *Zafiro*, 506 U.S. at 538; *United States v. Voigt*, 89 F.3d 1050, 1094 (19 ) (co-defendants' assertions that appellant tricked them were directed to their lack of criminal intent, not to the guilt of appellant); *Tootick*, 952 F.2d at 1078 (finding mutually antagonistic defenses warranting reversal where two defendants charged with assault both defended themselves by arguing that the other committed the assault alone). Far more frequently, courts have concluded that the asserted defenses, while in conflict with one another, are not so irreconcilable that "[t]he jury could not have been able to assess the guilt or innocence of the defendants on an

individual and independent basis." *Tootick*, 952 F.2d at 1083. *See, e.g., United States v. Flanagan*, 34 F.3d 949, 952 (10th Cir. 1994) (affirming denial of motion to sever because a jury could logically accept one defendant's defense without concluding that the co-defendant was guilty, and vice versa); *Harris*, 9 F.3d at 501 (affirming denial of motion to sever trials of coconspirators, one of whom claimed innocence and the other of whom claimed entrapment, on the ground that these defenses are not inconsistent because the jury could logically have accepted both); *Perez-Garcia*, 904 F.2d at 1548 (affirming denial of motion to sever because "the jury could reasonably construct a sequence of events that accommodates the essence of all appellants' defenses").

The case of *United States v. Harris* is perhaps closest in facts to this case. At this stage, defendant Riviere has presented evidence of entrapment in a motion to dismiss, and has represented to the Court that he will testify and pursue this theory at trial. The other defendants, including Hart and Velasquez, have not articulated their trial strategies to the Court. At this point, the Court can only assume that the other defendants will hold the government to its burden. Under *Harris*, a defense of conspiracy and a claim of innocence are not mutually antagonistic. *Harris*, 9 F.3d at 501.

Moreover, courts have consistently held that finger-pointing and blame-shifting among coconspirators do not support a finding of mutually antagonistic defenses. *See Voigt*, 89 F.3d at 1095-96; *Provenzano*, 688 F.2d at 198 (affirming denial of motion to sever where all defendants blamed one coconspirator on the ground that these defenses were not antagonistic, because if jury had believed that only one defendant was to blame there would have been a failure of proof on the conspiracy charges); *see also United States v. Smith*, 44 F.3d 1259, 1266-67 (4th Cir.) (affirming denial of motion to sever where defendant's co-defendants claimed that he ran the whole scheme and they were just victims of his criminal influence), *cert. denied*, 115 S.Ct. 1970 (1995); *United States v. Linn*, 31 F.3d 987, 992 (10th Cir. 1994) (affirming denial of motion to sever where each coconspirator defended himself by blaming the others on the ground that the jury could have believed all defendants' theories and acquitted them all); *United States v. Rivera*, 6 F.3d 431, 438 (7th Cir. 1993) (affirming denial of motion to sever where co-defendants

in a drug conspiracy all claimed ignorance and blamed each other on ground that "plain and simple blame-shifting" does not necessarily prevent jury from making reliable judgment about guilt or innocence), *cert. denied*, 510 U.S. 1130 (1994); *United States v. Barber*, 442 F.2d 517, 530 (3d Cir.) (holding that "the mere presence of hostility among defendants or the desire of one to exculpate himself by inculpating another" are insufficient grounds to require severance), *cert. denied*, 404 U.S. 958 (1971). These cases illustrate the well-settled principle that "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro*, 506 U.S. at 540.

■ While the defendants might argue that they would have a better chance at acquittal if they were tried without Riviere, such a contention is not persuasive. The fact that Riviere admits selling drugs does not necessarily implicate Hart and Velasquez in the conspiracy to obstruct justice. A jury could conclude that Riviere was telling the truth, and still not convict Hart and Velasquez, on the grounds that the government failed to prove beyond a reasonable doubt that they were involved or that they were also entrapped along with Riviere. The defense of Riviere is not antagonistic with the defenses of Hart and Velasquez, since the acquittal of one would not necessarily result in the conviction of the other. Therefore, the motions to sever of Hart and Velasquez will be denied.

■ Defendant Hart also argues that it is likely defendants Jarvis, Cornwall, Riviere, Payne and other defendants will undoubtedly argue that certain telephone conversations were initiated by Hart, whereas Hart will argue that he neither instigated these conversations nor knew of any criminal intent. This argument does not have a significant factual basis to support it. Courts have consistently held that the possibility that certain arguments might be made is insufficient to warrant severance. *See, e.g., United States v. Bari*, 750 F.2d 1169, 1177 (2d Cir.1984), *cert. denied sub nom. Benfield v. United States*, 472 U.S. 1019 (1985); *United States v. Werner*, 620 F.2d 922, 930 (2d Cir. 1980).

■ Additionally, defendants' assertions that prejudicial evidence against certain defendants might have a "spillover effect" on

them is similarly speculative and not grounds for severance. *See, e.g., United States v. Dansker*, 537 F.2d 40, 62 (3d Cir. 1976). A much stronger showing is required to warrant discretionary severance. *Sagansky v. United States*, 358 F.2d 195, 199 (1st Cir. 1966). "Speculation is not a grounds for severance." *United States v. Abrahams*, 466 F.Supp. 552, 556 (D. Mass. 1978); *Accord United States v. Thomann*, 609 F.2d 560, 565 (1st Cir. 1979).

The possibility of a "spillover effect" from linking Hart and Velasquez to the other defendants through the tape recorded telephone calls will also be limited by the restrictions placed by the Supreme Court on the coconspirator statements exception in RULE 801(d)(2)(E) of the FEDERAL RULES OF EVIDENCE. In *Bourjaily v. United States*, 483 U.S. 171, 175 (1987), the Supreme Court held that in order for statements to be admitted under this Rule, the trial court must make a preliminary determination, by a preponderance of the evidence, that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made during the course and in furtherance of the conspiracy. Absent such a preliminary determination by the court, alleged coconspirator statements are not admissible against the nonoffering party. *Id.* at 175-176. In other words, this Court must make a preliminary determination that a conspiracy existed between Hart and Velasquez before any coconspirator statements may be admitted against them.

## III. Conclusion

There is a strong presumption that defendants charged in a single indictment should be tried together, provided that the charges result from one act or a series of acts. The indictment in this case stems from a series of acts. Much of the evidence used in any one count against one defendant would be used against the other defendants in other counts. These defendants may properly be joined for trial under RULE 8(b) of the FEDERAL RULES OF CIVIL PROCEDURE.

Defendants have failed to show that their defenses would be mutually antagonistic, thereby requiring severance under RULE 14 of the FEDERAL RULES OF CIVIL PROCEDURE. Defenses of entrapment and putting the government to the burden of proving guilt are not

mutually antagonistic, since lack of guilt of one does not necessarily establish the guilt of the other. Any other assertions by these defendants involve significant speculation, which is not a grounds for severance. Accordingly, the motions to sever of Hart and Velasquez will be denied.

ENTERED this 8th day of May, 1997.

### ORDER

For the reasons set forth in the accompanying Memorandum, it is hereby

ORDERED that the motions to sever of defendants Hart and Velasquez are DENIED.

ENTERED this 8th day of May, 1997.